```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
In re:
                                                    Chapter 7
FRANCISCO AMAYA and CELIA M. AMAYA,
                                                    Case No. 8-11-78239-ast
                    Debtors.
                                                    AFFIRMATION
-------------------------------------X
```

Victor Campos, an attorney duly admitted to practice law in the State of New York hereby affirms under penalties of perjury the following:

1.   I am a member of the law firm of Victor Campos, P.C., as attorney for Debtors, Francisco Amaya and Celia M. Amaya.

2.   I submit this Affirmation in support of the annexed motion of the Debtors dated September 29, 2014, ("Motion") for an Order pursuant to Local Bankruptcy Rule 2002(a) and Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and pursuant to sections 105(a) and 521(i)(1) of Title 11 of the United States Code (the "Bankruptcy Code") (i) reopening and restoring the Debtor's Chapter 7 case; (ii) allowing the Debtors to amend their schedules to include a certain personal injury claim; and (iii) granting such other and further relief as the Court may deem as just and proper.

3.   I have personal knowledge of the matters set forth herein through my investigation of the facts and discussions of the parties in this case.

4. Through my discussions with the Debtor's personal injury counsel I was informed of the pending motion to dismiss the Debtor's personal injury action (the "Personal Injury Action") pending in Suffolk County Supreme Court, based upon the Debtor's lack of capacity to sue and maintain the Personal Injury Action based upon Debtor's post accident bankruptcy.

5. Upon learning of this information from Debtor Francisco Amaya, I contacted the Debtor's personal injury counsel, Keegan & Keegan, Ross & Rosner, LLP ("KK@RR, LLP") to ascertain the facts and circumstances of the case and the status of the Personal Injury Action.

6. Debtor's personal injury attorney informed me that the Personal Injury Action has a value in excess of $50,000.00.

7. I then advised the Debtor and his personal injury counsel that this matter would have to be disclosed and discussed with for Chapter 7 Panel Trustee, Andrew M. Thaler, and would necessitate the reopening of the Debtor's Chapter 7 case for pursuit and continuance of the Personal Injury Action by the former Chapter 7 Panel Trustee, on behalf of the Debtors and its creditors.

8. Thereafter, I contacted and spoke with Andrew M. Thaler's office to inform them of the Debtor's inadvertent omission of the personal injury claim from the Debtor's petition

and schedules, and the commencement of the Personal Injury Action after the Debtor's discharge.

9. Pursuant to said discussion with the Trustee's office, I was advised to bring the instant motion to reopen the Chapter 7 case on notice to all counsel in the Personal Injury Action, to allow the Trustee and KK&RR, LLP to continue the Personal Injury Action on behalf of the Debtor and its creditors.

10. Based upon the foregoing, and under the circumstances presented in the Motion annexed hereto, your Affiant respectfully requests that this Court enter an order granting relief requested in the Motion.

**WHEREFORE**, it is respectfully requested that the Court grant the Motion of the Debtor for an Order pursuant to Local Bankruptcy Rule 2002(a) and Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and pursuant to sections 105(a) and 521(i)(1) of Title 11 of the United States Bankruptcy Code (i) reopening and restoring the Debtor's Chapter 7 case; (ii) allowing the Debtor to amend its schedules; and (iii) granting such other and further relief as the Court may deem as just and proper.

Dated: Bay Shore, New York
      September 29, 2014

                                    s/Victor Campos
                                    _____
                                    VICTOR CAMPOS